Mary Jo O'Neill, AZ Bar No. 005924
James P. Driscoll-MacEachron, AZ Bar No. 027828
Gina E. Carrillo, AZ Bar No. 030579
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office**
3300 North Central Ave., Suite 690
Telephone: (602) 660-0013
Fax: (602) 640-5071
Email:  mary.oneill@eeoc.gov
         james.driscoll-maceachron@eeoc.gov
         gina.carrillo@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

___

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

___

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Elwood Staffing Services, Inc.<br><br>　　　　　Defendant. | Case No.<br><br>COMPLAINT<br><br>(Jury Trial Requested) |

___

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party Mirna Cordero, a person with a disability who was adversely affected by such practices. As alleged with greater particularity below, the Equal

Employment Opportunity Commission alleges that Elwood Staffing Services, Inc. failed to hire Ms. Cordero because of her disability and/or because of her need for a reasonable accommodation and that Elwood Staffing failed to provide Ms. Cordero a reasonable accommodation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah, Central Division.

## PARTIES

4. The Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA. The EEOC is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5. At all relevant times, Elwood Staffing Services, Inc., an Indiana Corporation, has continuously been doing business in the State of Utah and it has continuously had at least 15 employees.

6. At all relevant times, Elwood Staffing was a staffing agency and procured opportunities for employees to work for a covered employer within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111 (7), which incorporates by reference Section 701(c) of Title VII 42 U.S.C § 2000e(c).

7. At all relevant times, Elwood Staffing was an employer within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111 (5), which incorporates by reference Section 701(c) of Title VII 42 U.S.C § 2000e(b).

8. At all relevant times, Elwood Staffing has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Charging Party Mirna Cordero filed a charge of discrimination with the EEOC alleging Elwood Staffing violated the ADA.

10. On February 9, 2021, the EEOC issued a letter of determination, finding reasonable cause to believe that Elwood Staffing violated the ADA and inviting Elwood Staffing to join the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. On April 19, 2021, the EEOC issued to Elwood Staffing a Notice of Failure of Conciliation to Elwood Staffing advising Elwood Staffing that the EEOC was unable to secure a conciliation agreement acceptable to the EEOC from Elwood Staffing.

12. All administrative prerequisites to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least June 30, 2017, Elwood Staffing has engaged in unlawful employment practices in Orem, Utah, in violation of Sections 102(a), 102(b)(5)(A), and 102(b(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and (b)(5)(B).

14. Ms. Cordero is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

15. Ms. Cordero does not have a left hand.

16. On or around June 30, 2017, Ms. Cordero went to Elwood Staffing's location in Orem, Utah to fill out an employment application.

17. Elwood Staffing is a staffing agency and places temporary employees at client companies.

18. One of Elwood Staffing's client companies is Nu Skin Enterprises, Inc.

19. On or around July 12, 2017, Ms. Cordero received a job posting notification from Elwood Staffing for work at Nu Skin.

20. On or about July 13, 2017, Ms. Cordero accepted a conditional job offer for a Product Assembler assignment with Nu Skin.

21. Ms. Cordero then returned to the Orem, Utah Elwood Staffing location on or about July 13, 2017, wearing her prosthetic hand.

22. Ms. Cordero was told by an Elwood Staffing employee, Staffing Manager Peter Murphy, that she would be assigned to work as a Product Assembler in the warehouse at Nu Skin.

23. A Product Assembler at Nu Skin labels, assembles, and packs bottles of products.

24. Ms. Cordero had experience with jobs on production lines and could perform the essential functions of the Product Assembler position at Nu Skin with or without a reasonable accommodation.

25. On or about July 13, 2017, Elwood Staffing Manager Peter Murphy administered a label placing test to Ms. Cordero.

26. After Ms. Cordero completed the test, Elwood Staffing Manager Peter Murphy told Ms. Cordero that she had easily passed the test. Elwood Staffing Manager Murphy also commented that she did a lot better than he thought she would.

27. Elwood Staffing's records on Ms. Cordero reflect that she received a perfect score on the labeling test.

28. Elwood Staffing states that it also administers a dexterity test called the Purdue Pegboard Test to potential Nu Skin Product Assemblers.

29. Elwood Staffing Manager Murphy decided not to administer the Purdue Pegboard Test to Ms. Cordero because she does not have a left hand.

30. No Elwood Staffing employee ever told Cordero about the Purdue Pegboard Test.

31. No Elwood Staffing employee asked if Ms. Cordero needed an accommodation to take the Purdue Pegboard Test.

32. No Elwood Staffing employee suggested any possible accommodation that might help Ms. Cordero take the Purdue Pegboard Test.

33. Ms. Cordero did not know about the Perdue Pegboard Test. As a result, she did not know if she would need a reasonable accommodation to take the test.

34. On the same day, after meeting with Ms. Cordero, Elwood Staffing Manager Peter Murphy called Dave Larsen, the Elwood Staffing Regional Manager at the time relevant to this case.

35. Staffing Manager Murphy told Regional Manager Larsen that he did not believe Ms. Cordero would be able to complete the Purdue Pegboard Test because she did not have a left hand.

36. Regional Manager Larsen told Elwood Staffing Manager Murphy that if a person could not complete the Purdue Pegboard Test, they would not be able to move forward with placement at Nu Skin.

37. Elwood Staffing Manager Murphy later called Ms. Cordero and rescinded the job offer. Murphy told her that Nu Skin said she needed two hands to do the jobs and that, therefore, she would no longer be placed on assignment there.

38. On or about July 17, 2017, Elwood Staffing told Nu Skin that Ms. Cordero was withdrawn from placement at Nu Skin.

## First Claim for Relief

## Denial of Reasonable Accommodation

## 42 U.S.C. § 12112(b)(5)(A)

39. The allegations in the foregoing paragraphs are hereby incorporated by reference.

40. Ms. Cordero is an individual with a disability under 42 U.S.C. § 12012.

41. Ms. Cordero was qualified and able to perform the essential functions of the position of Product Assembler at Nu Skin with or without a reasonable accommodation.

42. Elwood Staffing knew of Ms. Cordero's disability.

43. Elwood Staffing did not allow Ms. Cordero to take the test and did not ask Ms. Cordero if there was a reasonable accommodation that would allow her to take the test.

44. Elwood Staffing did not ask Ms. Cordero if there was a reasonable accommodation that would allow her to perform the essential functions of that job.

45. Elwood Staffing did not engage in the interactive process with Ms. Cordero or provide any reasonable accommodation to Ms. Cordero.

46. By failing to provide Ms. Cordero reasonable accommodations, Elwood Staffing violated the ADA, 42 U.S.C. § 12112(b)(5)(A).

47. The effect of the practices complained of in the paragraphs above has been to deprive Ms. Cordero of equal employment opportunities because of her disability.

48. The unlawful employment practices complained of in the paragraphs above were intentional.

49. The unlawful employment practices complained of in the paragraphs above were done with malice or reckless indifference to the federally protected rights of Ms. Cordero.

## Second Claim for Relief

**Failure to hire because of disability and/or need for accommodation**

**42 U.S.C. § 12112(b)(5)(B)**

50. The allegations in the foregoing paragraphs are hereby incorporated by reference.

51. Ms. Cordero is an individual with a disability under 42 U.S.C. § 12102.

52. Ms. Cordero was qualified and able to perform the essential functions of the position of Product Assembler at Nu Skin with or without a reasonable accommodation.

53. Elwood Staffing knew of Ms. Cordero's disability.

54. Elwood Staffing did not engage in an interactive process to determine if a reasonable accommodation would allow Ms. Cordero to complete the Purdue Pegboard test.

55. Elwood Staffing did not engage in an interactive process to determine if a reasonable accommodation would allow Ms. Cordero to work as a Product Assembler at Nu Skin.

56. Elwood Staffing told Ms. Cordero that she could not work as a Product Assembler at Nu Skin because of her disability.

57. Elwood Staffing rescinded the job offer and did not hire Ms. Cordero because of her disability and/or because of the need to provide her a reasonable accommodation.

58. Elwood Staffing failed to hire Ms. Cordero because of her disability and/or because of the need to provide her a reasonable accommodation in violation of 42 U.S.C. § 12112(b)(5)(B).

59. The effect of the practices complained of in the paragraphs above has been to deprive Ms. Cordero of equal employment opportunities because of her disability.

60. The unlawful employment practices complained of in the paragraphs above were intentional.

61. The unlawful employment practices complained of in the paragraphs above were done with malice or reckless indifference to Ms. Cordero's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Elwood Staffing, its officers, successors, assigns, agents, servants, employees, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of disability.

  B. Order Elwood Staffing to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of Elwood Staffing's unlawful employment practices.

  C. Order Elwood Staffing to make Mirna Cordero whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including but not limited to the rightful-place hiring of Mirna Cordero, and, where appropriate, and front pay.

  D. Order Elwood Staffing to make Mirna Cordero whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

  E. Order Elwood Staffing to make Mirna Cordero whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Elwood Staffing to pay Mirna Cordero punitive damages for Defendant's malicious and reckless conduct described above in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 20th day of August, 2021.

    GWENDOLYN YOUNG REAMS
    Acting General Counsel

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    131 M Street NE, 5th Floor
    Washington, DC 20507-0004

    MARY JO O'NEILL
    Regional Attorney

    JAMES DRISCOLL-MACEACHRON
    Supervising Trial Attorney

    */s/ Gina E. Carrillo*
    GINA E. CARRILLO
    Trial Attorney

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Phoenix District Office
    3300 North Central Avenue, Suite 690
    Phoenix, Arizona 85012