Robert D. Vogel (USB #17603)
Jonathan M. Burt (USB #16794)
Jackson Lewis PLLC
215 S. State Street, Suite 760
Salt Lake City, UT 84111
Tel: (801) 736-3199
robert.vogel@jacksonlewis.com
jonathan.burt@jacksonlewis.com

*Attorneys for Defendant*

# THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELWOOD STAFFING SERVICES, INC.,<br><br>Defendant. | Case No.: 2:21-cv-00498-HCN-DAO<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Magistrate Judge Jared C. Bennett |

Defendant Elwood Staffing Services, Inc. ("Defendant"), through its undersigned counsel, hereby submits its Answer to Plaintiff's Complaint. Defendant responds to the numbered paragraphs of Plaintiff's Complaint and to the extent Defendant does not expressly admit portions of Plaintiff's allegations, those allegations are denied.

## JURISDICTION AND VENUE

1. With respect to the allegations in Paragraph 1, Defendant admits that jurisdiction appears appropriate.

2. With respect to the allegations in Paragraph 2, Defendant admits that Plaintiff sues under the statutes cited.

3. With respect to the allegations in Paragraph 3, Defendant admits that venue appears appropriate in this District.

## PARTIES

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. With respect to the allegations in Paragraph 6, Defendant admits it operates as a staffing agency that procured opportunities for work but denies the balance of the allegations in Paragraph 6 as calling for a legal conclusion.

7. Defendant denies the allegations in Paragraph 7 as calling for a legal conclusion.

8. Defendant denies the allegations in Paragraph 8 as calling for a legal conclusion.

## ADMINISTRATIVE PROCEDURES

9. Defendant admits the allegations in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12 as calling for a legal conclusion.

## STATEMENT OF CLAIMS

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14 as calling for a legal conclusion.

15. Defendant lacks information and knowledge sufficient to form a belief regarding the allegations in Paragraph 15.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant admits the allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant lacks information and knowledge sufficient to form a belief regarding the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant lacks information and knowledge sufficient to form a belief regarding the allegations in Paragraph 23.

24. Defendant lacks information and knowledge sufficient to form a belief regarding the allegations in Paragraph 24.

25. Defendant admits the allegations in Paragraph 25.

26. Defendant admits Ms. Cordero passed the label placing test administered to her but denies the balance of the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27 on information and belief.

28. Defendant admits the allegations in Paragraph 28 as to the relevant timeframe.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant admits the allegations in Paragraph 31.

32. Defendant admits the allegations in Paragraph 32.

33. Defendant lacks information and knowledge sufficient to form a belief regarding the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34 on information and belief.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36 on information and belief.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38 on information and belief.

# FIRST CLAIM FOR RELIEF
## Denial of Reasonable Accommodation
### 42 U.S.C. § 12112(b)(5)(A)

39. Defendant incorporates by reference its responses to Paragraphs 1–38 of its Answer as if set forth herein.

40. Defendant denies the allegations in Paragraph 40 as calling for a legal conclusion.

41. Defendant denies the allegations in Paragraph 41 as calling for a legal conclusion.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

## SECOND CLAIM FOR RELIEF
**Failure to Hire Because of Disability and/or Need for Accommodation
42 U.S.C. § 12112(b)(5)(B)**

50.     Defendant incorporates by reference its responses to Paragraphs 1–49 of its Answer as if set forth herein.

51.     Defendant denies the allegations in Paragraph 51 as calling for a legal conclusion.

52.     Defendant denies the allegations in Paragraph 52 as calling for a legal conclusion.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

## PRAYER FOR RELIEF

Although no response is necessary to Plaintiff's Prayer for Relief, Defendant denies that any relief sought by Plaintiff is warranted or appropriate, sustainable in fact or available in law.

## JURY TRIAL DEMAND

No response is necessary to Plaintiff's jury demand.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses as either a complete or partial bar to Plaintiff's claims.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendant or for which the damages sought can be awarded.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent that Defendant has been unduly prejudiced by Plaintiff's failure to diligently pursue its claims against Defendant, and that the doctrine of laches and equitable estoppel apply to extinguish Plaintiff's claims.

## THIRD DEFENSE

Defendant did not discriminate against Mirna Cordero because of any disability within the meaning of 42 U.S.C. § 12112.

### FOURTH DEFENSE

Mirna Cordero was unable to perform the essential functions of the job, with or without reasonable accommodations.

### FIFTH DEFENSE

Defendant was unaware at all relevant times that Mirna Cordero had a disability and she never informed it that she had a disability.

### SIXTH DEFENSE

Mirna Cordero never inquired about, requested, or sought a reasonable accommodation at any time.

### SEVENTH DEFENSE

To the extent the Complaint alleges that the application of qualification standards, tests, or selection criteria that screen out or tend to screen out or otherwise deny a job or benefit to an individual with a disability, Defendant asserts that those criteria are job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation. *See* 42 U.S.C. § 12113(a).

### EIGHTH DEFENSE

Any amount that Plaintiff claims is due and owing must be mitigated and reduced by the amount of wages and benefits Mirna Cordero earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are

sought. To the extent Mirna Cordero has failed to make reasonable attempts to mitigate her damages, Plaintiff's damage claims must be reduced.

## NINTH DEFENSE

Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

## TENTH DEFENSE

Plaintiff's claim for punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and such damages are, therefore, not recoverable in this action.

## ELEVENTH DEFENSE

Defendant reserves the right to assert further defenses as appropriate.

\* \* \*

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests:

(1) Judgment be entered in Defendant's favor and this action be dismissed with prejudice;

(2) Judgment be entered against Plaintiff and in favor of Defendant for all costs and reasonable attorneys' fees incurred by Defendant in defense of this action; and

(3)    Defendant recover such other and further relief that this Court deems just and proper.

Respectfully submitted this 3rd day of December 2021.

*/s/ Jonathan M. Burt*
Robert D. Vogel (USB #17603)
Jonathan M. Burt (USB #16794)
Jackson Lewis PLLC
215 S. State Street, Suite 760
Salt Lake City, UT 84111
Tel: (801) 736-3199
robert.vogel@jacksonlewis.com
jonathan.burt@jacksonlewis.com

*Attorneys for Defendants*