Case 2:21-cv-00498-HCN-DAO Document 32-1 Filed 07/22/22 PageID.148 Page 1 of 19



# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff, and<br>MIRNA CORDERO<br>Plaintiff-Intervenor,<br>vs.<br>Elwood Staffing Services, Inc.<br>Defendant. | Case No. 2:21-cv-00498-HCN-DAO<br><br>CONSENT DECREE |

## I. RECITALS

1.  This matter was instituted by Plaintiff, Equal Employment Opportunity Commission, an agency of the United States government, alleging Defendant Elwood Staffing Services, Inc. failed to hire Mirna Cordero because of her disability and/or

1

because of her need for a reasonable accommodation and failed to provide her with a reasonable accommodation in violation of the Americans with Disabilities Act of 1990, as amended.

2. The parties to this Decree are the EEOC, Mirna Cordero, and Elwood Staffing.

3. The Parties, desiring to settle this action by an appropriate Consent Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5. For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

### II. JURISDICTION

6. The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

### III. TERM AND SCOPE

7. The duration of this Decree shall be two (2) years from the date of signing by the Court.

8. Unless otherwise indicated, the terms of this Decree shall apply to all Utah locations owned and/or operated by Defendant.

9. The term "employee" when used to refer to employees of Defendant shall mean full-time employees that work at Defendant's Utah locations and shall

2

exclude workers who are placed on assignments to work at one of Elwood Staffing's clients' locations ("Associates").

## IV. ISSUES RESOLVED

10. This Decree resolves the claims alleged by the EEOC and Mirna Cordero in the above-captioned lawsuit and constitutes a complete resolution of all the Commission's claims of unlawful employment practices under the ADA that arise from the EEOC's letter of determination based on the charge of discrimination filed by Mirna Cordero, EEOC Charge Number 540-2018-00345.

11. Defendant and its officers, agents, employees, associates, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

12. Defendant shall pay the amount of $77,500.

13. Defendant will not condition the receipt of individual relief upon Mirna Cordero's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) promise not to reapply for a position at any Elwood Staffing facility or any Elwood Staffing client company.

14. To resolve these claims, Defendant shall pay a total of seventy-seven thousand five hundred dollars ($77,500) to Mirna Cordero, allocated as follows: nine thousand seven hundred and sixty eight dollars and eighty two cents ($9,768.82) as back pay and

3

lost earnings and sixty seven thousand, seven hundred and thirty one dollars and eighteen cents ($67,731.18) as compensatory damages.

15. The amount allocated back pay (which Defendant anticipates will be approximately $9,768.82) shall be reported on IRS Form W-2. Defendant shall be responsible for paying its share of payroll taxes for back pay. Defendant shall withhold applicable payroll taxes owed by Mirna Cordero in accordance with either a newly submitted W-4 or the most recent W-4 on file. The remaining amount allocated to compensatory damages and attorney's fees shall be reported on IRS form 1099 and shall not be subject to withholdings.

16. Defendant shall send the payments required under this Decree by certified mail to Mirna Cordero's attorneys within fourteen (14) calendar days after the Court's entry of this Decree to the address(es) provided by the EEOC.

17. Within three (3) business days after the payments are sent to Mirna Cordero and to her attorneys, Defendant shall submit to the EEOC copies of the checks issued.

## VI. OTHER INDIVIDUAL RELIEF

18. Defendant shall expunge from Mirna Cordero's personnel files any and all references to (a) the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) Ms. Cordero's participation in this action.

## VII. EQUITABLE RELIEF

*A.  Injunctive Relief*

19.  Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of disability.

20.  Defendant, its officers, agents, successors, assigns, and other persons in active concert or participation with them, shall not retaliate in anyway against applicants, employees, or associates because of their opposition to any practice made unlawful under the ADA. Defendant shall not retaliate against applicants, employees, or associates if they i) bring internal complaints of discrimination with the Defendant, ii) bring a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or iii) make statements that serve as the basis of a charge or testify or participate in the investigation or prosecution of an alleged violation of the ADA.

*B.  Anti-Discrimination Policy Review and Revision*

21.  Within ninety (90) calendar days of the entry of this Decree, Defendant shall, in consultation with an outside consultant and/or legal counsel experienced in the area of employment discrimination law, review and revise its EEO policies to conform with the law. Defendant shall ensure that its policies include, at a minimum:

    a.  A strong and clear commitment to preventing unlawful disability discrimination;

    b.  A clear and complete definition of disability discrimination;

    c.  A clear and complete definition of reasonable accommodations;

d. A clear and complete set of policies and procedures employees and/or associates can use to request reasonable accommodations;

e. A clear and complete set of policies and procedures for management, supervisors, and human resources personnel for the handling, processing, and evaluation of requests for reasonable accommodations at all stages of employment, including but not limited to applying, testing, interviewing, and placement at a client company. This shall include but not be limited to the process of assessing whether an employee, associate, or potential employee needs a reasonable accommodation without the individual beginning the process;

f. A statement that disability discrimination, including unlawful denial of reasonable accommodations, is prohibited and will not be tolerated;

g. A clear and strong encouragement for persons who believe that they have been subjected to disability discrimination, including denial of a reasonable accommodation, to report their concerns;

h. The identification of specific individuals or departments, with telephone numbers and email addresses, to whom employees or associates can report concerns about disability discrimination;

i. A clear explanation of the steps an employee or associate can take to report disability discrimination, which must include options of either oral or written complaints;

j. An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful disability discrimination, including but not limited to failure to provide a reasonable accommodation, and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of disability discrimination and in accordance with the requirements of Paragraph 22;

k. An assurance that Defendant will take appropriate corrective action to correct any unlawful practices and to eradicate any unlawful conduct within its workforce;

l. A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's policies against disability discrimination; and

m. A promise of maximum feasible confidentiality for persons who report unlawful disability discrimination, or who participate in an investigation into allegations of disability discrimination.

22. Defendant shall promptly, reasonably, and appropriately investigate all complaints of disability discrimination. The investigation must include, at a minimum, the following: (a) documentation of the complaint; (b) a finding of whether discrimination occurred; (c) a credibility assessment as appropriate; (d) interviews of all potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; (e) a review of all documents

7

which might shed light on the allegation, where such exist; (f) contemporaneous notes of the investigation and conclusions; and, (g) contemporaneous notes of all corrective and remedial measures where discrimination is found. Defendant shall take immediate appropriate corrective action as appropriate to make discrimination victims whole, to discipline violators, and to eradicate the discrimination.

23. Defendant shall not retain documents related to the investigation in any of the complainant's personnel files. These documents instead must be retained in a separate secure location. All disciplinary actions taken against employees for violation of Defendant's policies will be permanently retained in the violator's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall permanently remain in the alleged violator's file.

24. Within thirty (30) calendar days after completion of the creation of the policies or the review of the policies required under this Decree, the written policies, excluding those applicable to HR personnel and management as described in Paragraph 21(e) shall be posted on Elwood Staffing's intranet in the same location as Elwood Staffing's policies, handbooks, and procedures are maintained. All new employees shall be notified of and directed to review such policies on the Intranet within ten (10) calendar days of hire. Defendant will provide all associates information on its antidiscrimination policies, how to report concerns about disability discrimination, and how to request reasonable accommodations at time of hire and will make such policies available electronically for all associates. Defendant shall make the written equal employment opportunity policies available in alternative formats as necessary for persons with cognitive and print

disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audio format.

25. Within forty-five (45) calendar days after completion of the creation of the policies or the review of the policies required under this Decree, Defendant shall forward a copy of the policies to the EEOC and a letter verifying that the policies were posted and distributed in accordance with Paragraphs 21 and 24.

C. *Training*

26. Annually for the duration of this Decree, Defendant shall provide equal employment opportunity training for all its Employees at its Orem, Utah facility. Under this provision, Employees will be trained at a minimum in the following areas: (a) Defendant's policies and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination; (c) the penalties for engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (e) Defendant's procedures for accommodation requests. All training under this Paragraph shall be at Defendant's selection and expense. Training may be by live presentation, online interactive training, and/or computer training, or any combination thereof. The training will be conducted as follows:

    a. **Non-managerial Employees**: Each year for the duration of this Decree, Defendant will provide non-managerial employees, excluding associates hired for placement at client companies, at least one hour of training on discrimination, focusing on disability discrimination, protections employees have against discrimination, and methods for reporting discrimination. The training should

9

also emphasize that every employee should report any behavior he or she witnesses that the employee believes to be discriminatory, regardless of who is engaged in the behavior and who the behavior is directed at.

b. **Associates**: Each year for the duration of this Decree, Defendant shall provide each Associate during onboarding at the time of hiring with a copy of Defendant's anti-discrimination policy, a copy of the policy and procedure Associates can use to request a reasonable accommodation, and an explanation of the steps that can be taken to report disability discrimination. Each year for the duration of this Decree, Defendant will provide Associates at least ten (10) minutes of training on discrimination during orientation, focusing on disability discrimination, protections Associates have against discrimination, and methods for reporting discrimination. This training can be provided over video, webinar, or in a written format with a quiz to confirm understanding.

c. **Supervisory and Managerial Employees**: Each year for the duration of this Decree, Defendant will require all individuals who work in a managerial or supervisory capacity for Defendant to receive at least one hour and thirty (30) minutes of training on the ADA and other federal antidiscrimination laws. One hour of this training must directly address disability discrimination. The training must cover proper methods for receiving, handling, and investigating (where applicable) complaints of discrimination, including but not limited to complaints of disability discrimination. The training must also cover proper methods of receiving, handling, and accommodating requests for reasonable accommodations

10

at all stages of employment, including the hiring phase and placement phase. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite one hour and thirty minutes of training for that year within sixty (60) days of being hired or promoted.

d. An agenda for the training, training materials, and the resumes relating to any presenters if a live training is held, will be provided to the EEOC thirty (30) days before each training session. Defendant agrees that the first one-hour training sessions for all non-managerial employees will take place within sixty (60) days after the Court's entry of this Decree. Defendant further agrees that the Associate onboarding at the time of hiring training required in paragraph 26(b) will be implemented and administered to all Associates commencing with their employment with Defendant within sixty (60) days after the Court's entry of this Decree. Defendant agrees that the hour and a half of training for managerial and supervisory employees shall take place within ninety (90) days of the Court's entry of this Decree. Defendant agrees that all of its Employees and associates shall both register, attend and complete the training sessions. Defendant will run monthly reports to determine which associates completed the required training and will follow up with any associates who did not complete the training to ensure they complete the training within a week of running the report.

27. The EEOC, at its discretion, may designate one or more EEOC representatives to attend any of the Employee or Associate training sessions described above, and the

11

EEOC representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendant shall provide the EEOC with ten (10) days' notice of any live training sessions that will be conducted, or alternatively, Defendant may provide comprehensive schedule of trainings planned for the year.

### D. *Notice Posting*

28. Within ten (10) business days after the Court's entry of this Decree, Defendant shall post in each of its Utah facilities, in a conspicuous place frequented by employees, the Notice attached as Exhibit A to this Decree. Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the EEOC, in writing, within fourteen (14) days of entry of this Decree, that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

## VIII. RECORD KEEPING AND REPORTING

29. For the duration of this Decree, Defendant shall maintain all records concerning implementation of this Decree, including, but not limited to, the following:

    a.    Applications;

    b.    Personnel files;

    c.    Records reflecting all oral and written complaints of disability discrimination, and all records documenting the investigation of such complaints, including applicable witness statements, documents compiled

during the investigation, any conclusions and findings, and any corrective remedial actions taken;

    d.    Records reflecting all oral and written requests for reasonable accommodations, including all documents involved and the result of the request for reasonable accommodation (whether the request was approved or denied and the reason for that approval or denial); and

    e.    Records reflecting the public placement of the postings of the Notices expressed in Paragraph 28.

30. Defendant shall provide semi-annual reports for each six (6) month period following the entry of this Decree. The reports shall be due thirty (30) days following the respective six (6) month period, except for the final report which shall be submitted to the EEOC six (6) weeks prior to the date on which the Decree is to expire.

31. **Reporting Requirements**: Each report required under Paragraph 30 shall provide the following information:

    a.    **Reports of Discrimination**: For purposes of this Paragraph 31(a), the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or witnessing of discrimination, based on disability, including but not limited to, discrimination based on a refusing to comply with an approved request for a reasonable accommodation, even if such terminology is not used by the complainant. The complainant need not use

13

the terms "discrimination," "ADA," "violation," or "rights," etc. The report will include:

1. The name, address, email address, and telephone number of each person making a complaint of discrimination to Defendant or to any federal, state, or local government agency;

2. The name, address, email address, and telephone number of each person identified as a potential witness and/or victim to the incident of discrimination;

3. A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discrimination, Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

4. Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

b. **Training**: The report shall include the following information for each training program required under this Decree conducted during the reporting period:

1. A registry of attendance and/or certificates of completion;

2. The identity and contact information of the consultant and/or vendor, if any, who provided or reviewed and approved the training and a summary of his or her qualifications. If training is conducted via

14

recorded video means, the training shall be reviewed and approved by an outside consultant and/or legal counsel experienced in the area of employment discrimination law; and

    3. A copy of the program agenda and any written materials provided during the training and/or any PowerPoint Presentations or scripts used.

c. **Posting of Notice**: In each report, Defendant shall recertify to the EEOC that the Notice required to be posted under this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

d. **Mirna Cordero's Personnel File**: In its initial report, Defendant shall certify to the EEOC that any documents that reference the charge or this action have been expunged as required by Paragraph 17 of this Decree.

e. **Policies and Procedures**: In each report, Defendant shall report on the creation and/or revision of any policies or practices required by this Decree, as required by Paragraphs 21-25.

f. **Recordkeeping**: In each report, Defendant shall report on the creation and/or revision of any recordkeeping policies or practices required by this Decree, as required above.

## IX. EEOC AUTHORITY

32. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the EEOC to seek to eliminate employment practices

15

or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

33. The EEOC may review Defendant's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least ten (10) business days in advance of any inspection of Defendant's documents or premises. Upon such notice, Defendant shall allow representatives of the EEOC to review its compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

## X. COSTS AND ATTORNEY'S FEES

34. Except as expressly agreed to by the parties, each party shall be responsible for and shall pay its own costs and attorney's fees.

## XI. NOTICE

35. Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by electronic mail or by certified mail, postage prepaid, as follows:

>Mary Jo O'Neill
>Regional Attorney
>EEOC Phoenix District Office
>3300 N. Central Ave., Ste. 690
>Phoenix, AZ 85012
>mary.oneill@eeoc.gov
>jess.acosta@eeoc.gov

16

## XII. SIGNATURES

35. The Parties to this Decree agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 14th day of October, 2022, BY THE COURT:

_____
Honorable Howard C. Nielson Jr.

BY CONSENT:

Equal Employment Opportunity Commission

**MARY ONEILL** Digitally signed by MARY ONEILL
Date: 2022.07.12 17:42:04 -07'00'

Mary Jo O'Neill
Regional Attorney

Date:

Elwood Staffing Services, Inc.

By: _____
John A. Elwood

Date: July 7, 2022

Mirna Cordero

By: _____

Mirna Cordero

Date: 07-08-2022

17

APPROVED AS TO FORM:

Casey Arellano

_____
Casey Arellano
Trial Attorney
EEOC Phoenix District Office
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012

Attorney for Plaintiff EEOC

_____
Lakshmi Vanderwerf, Staff Attorney
Disability Law Center
205 North 400 West
Salt Lake City, UT 84103

Attorney for Mirna Cordero

_____
Robert D. Vogel
Jackson Lewis P.C.
215 South State Street, Suite 760
Salt Lake City, UT 84111

Attorney for Defendant,
Elwood Staffing Services, Inc.

18

## EXHIBIT A

### NOTICE TO EMPLOYEES

The following notice is posted as part of a Consent Decree resolving the lawsuit, *EEOC v. Elwood Staffing Services, Inc.* filed in the United States District Court for the District of Utah, Central Division Civil Action No. 2:21-cv-00498-HCN-DAO. The United States Equal Employment Opportunity Commission alleged that Elwood Staffing Services, Inc. violated the ADA by failing to hire a disabled individual because of her disability and/or her need for a reasonable accommodation and failing to provide that individual a reasonable accommodation.

Management wishes to emphasize the importance of providing equal employment opportunity in all of its operations and in all areas of employment. Elwood Staffing Services, Inc. will ensure that there will be no disability discrimination against any employee or applicant for employment. Elwood Staffing Services, Inc. will also ensure that there will be no discrimination against any employee or applicant because of disability, age, race, color, religion, sex, pregnancy, national origin, genetic information, or retaliation.

Any employee who believes that he/she has suffered discrimination on the basis of disability, age, race, color, religion, sex, pregnancy, national origin, genetic information or retaliation **has the right to contact the EEOC directly at (602) 661-0002, www.eeoc.gov, or at 3300 N. Central Ave Ste. 690, Phoenix, AZ 85012. They may also contact the Utah Anti-Discrimination and Labor Division at (801) 530-6801, https://laborcommission.utah.gov/divisions/utah-antidiscrimination-and-labor-uald/, or at 160 East 300 South, 3rd Floor, Salt Lake City, UT 84114.** Federal law prohibits retaliation against an employee who makes an internal complaint of discrimination or who contacts the EEOC or the Utah Anti-Discrimination and Labor Division.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**
This Notice shall remain posted for the term of 2 years.

By: *John A Elwood*

Date   7/7/2022